```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BECKLEY
```

**BEDFORD E. NICHOLES,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 5:04-1220**

**JOHN MCCULLOCH, JR., et al.,**

    **Defendants.**

### MEMORANDUM OPINION

Pending before the court are defendants' motions to dismiss. (Doc. Nos. 8, 23 & 25.)  For the reasons stated below, the court in a Judgment Order filed herewith grants defendants' motions to dismiss (Doc. Nos. 8, 23 & 25).  Accordingly, the Clerk is directed to remove this matter from the court's active docket.

### I. Procedural and Factual Background

On November 12, 2004, plaintiff, acting *pro se*, initiated this matter stating in a letter to the Court as follows:

> I am filing this lawsuit in order to obtain my pension benefits from the place of business in which I worked for which is Oak Hill Hospital and Plateau Medical Center.  I worked for the hospital for 17 ½ years and retired in 1982 at which time I was never paid a pension which is owed to me.  Many of the people which I worked with were paid a pension.  I have tried to get it but am getting a run around.  These people know they owe me that pension and won't give it to me, so that is why I am suing them to get it.  I want what is owed to me plus interest.

(Doc. No. 1.)[1]  Plaintiff also submitted an application to

---

[1] Because plaintiff was acting *pro se* in filing many of the documents in this case, the documents which he has filed are held

proceed *in forma pauperis*. (Doc. No. 2.) On December 7, 2004, plaintiff submitted additional information in support of his claim. (Doc. No. 4.) It is evident from those documents that he began inquiring about his pension benefits in November, 2002. He contacted the United States Department of Labor, and that agency made some inquiry into it. In 2003, he contacted Plateau Medical Center himself and through attorney, Mr. Robert S. Baker. By letter dated January 29, 2003, Ms. Linda Gregory, Human Resources Assistant at Plateau, advised plaintiff as follows:

> Our records show that you were employed at this facility from 8/18/66 until 2/15/82. We have researched and found that your employment file was sent to a company to have it put on microfilm. This is common practice after files are no longer in use over a long period of time. I have talked to several employees that were employed here in the 1980's that had the same retirement plan you are talking about. They all thought the plan was paid out at a very low amount to the employees.
>
> We have tried on several occasions to locate the company in which you participated in a retirement plan. The company has been sold several times throughout the years, as Plateau Medical Center has been sold several times as well. The information we found was the name and address of the company – Edward H. Friend & Company, International Club Building, Suite 500, 1800 K. Street, N.W., Washington, D.C. 20006. The contact person is Aqvil Ahmed at (202) 331-5211.

(Doc. No. 4.)

On April 12, 2005, defendant Dora Ann Evans filed an Answer

---

to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

to plaintiff's claims and a motion to dismiss. (Doc. Nos. 7 & 8.) Ms. Evans, now Ms. Carte, states that she "retired from the successor to the named corporate defendants on April 2, 1998, and no longer has any responsibility in regard to those entities." (Doc. No. 8 at 1.) She states further that "[w]hile employed the defendant did not establish criteria for retirement, collect funds for any retirement fund or manage any retirement funds." (Id.) She states that she was "merely an employee of the responsible corporation . . . ." She asserts that plaintiff's claim should be dismissed for plaintiff's failure to state a claim against her for which relief can be granted and because it is barred under the applicable statute of limitations and the doctrine of laches. (Id. at 2.)

Defendant Oak Hill Hospital d/b/a Plateau Medical Center ("Oak Hill") filed a motion to dismiss for failure to state a claim on May 16, 2005. (Doc. Nos. 23 & 24.) Oak Hill asserted in its motion as follows:

> The Plaintiff has failed to state a claim against Plateau upon which any relief may be granted because he does not have standing to assert a claim to recover a pension benefit against this Defendant. The Plaintiff cannot maintain his claim against Plateau to recover pension benefits because he was never employed by Plateau, and he never participated in the Community Health Systems, Inc. 401(k) Plan, an employee pension benefit plan in which eligible employees of Plateau could participate. Because the Plaintiff is not eligible and will never be eligible for a benefit under the Community Health Systems, Inc. 401(k) Plan, the Plaintiff lacks standing under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

3

   ('ERISA'), 29 U.S.C. § 1132(a)(1)(B), to assert a claim
   for benefits against Plateau. Without standing, this
   Court lacks subject matter jurisdiction over this
   action and it should be dismissed.

(Doc. No. 23.)

  Several declarations are attached to Oak Hill's motion.  Mr. Charles M. Cain, Benefits Manager employed by Community Health Systems Professional Services Corporation, an affiliate of which sponsors the Community Health Systems, Inc., 401(k) Plan in which Oak Hill employees are eligible to participate, states that plaintiff has never participated or been eligible to participate in the 401(k) Plan and is not entitled to benefits under the Plan.  (Doc. No. 23 Ex. 1 at 2.)  Ms. Jennifer C. Peters, Senior Legal Counsel for Community Health Systems Professional Services Corporation, states that Oak Hill incorporated in March, 2002, and acquired assets that ultimately became known as Plateau Medical Center in 2002.  (Id. Ex. 2 at 1.)  She says that Oak Hill did not acquire any pension liabilities of any former owners or operators of the hospital facility.  (Id. Ex. 2 at 2.)  Ms. Tammie Miller, Director of Human Resources of  Oak Hill, states that plaintiff "has never been employed by Oak Hill Hospital Corporation."  (Id. Ex. 3 at 1.)

  On May 16, 2005, a motion to dismiss was filed on behalf of defendant John H. McCulloch, Jr., on grounds that Mr. McCulloch passed away on January 12, 1984. (Doc. Nos. 25 & 26.)  By Order filed on May 17, 2005, plaintiff was given notice of his right

under Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) to file a response to defendants' motions and submit affidavits or statements, exhibits, and/or other legal or factual material supporting his position and issues in the case as they are challenged by defendants in their motions and warned them that failure to respond could result in dismissal of his suit. (Doc. No. 27.)

On May 26, 2005, plaintiff requested an extension of the time by which he was required to file a response to defendants' motions stating that "I have some very important information to turn into Court which would indeed help my case . . . and I need this much time to get everything ready." (Doc. No. 28.) By Order filed on May 27, 2005, Magistrate Judge VanDervort gave plaintiff until July 15, 2005, to file his response. (Doc. No. 29.)

Plaintiff filed a declaration on July 26, 2005, stating as follows:

1. My name is Bedford E. Nicholes. . . . I am retired from Oak Hill Hospital where I worked for 17 ½ years. At which time I was there when they changed the name to Plateau Medical Center.

2. I talked to some of the old employees I worked with and they told me in fact they did get a pension from the hospital but they was paid a low amount.

3. I do know we did have a pension plan at the hospital and that is why I think that I am entitled to a pension. I know I was in a pension plan at the hospital and I understand this plan

5

> stayed with Plateau Medical Center even though I did work at Oak Hill Hospital and then they changed to Plateau Medical Center. I feel that this hospital should have paid the benefits. I have all the proof that I did in fact work at Plateau and Oak Hill Hospital. I will prove to the Defendants everything I am saying is true. I am entitled to a pension from the hospital. I will not give any false statements to this court.

(Doc. No. 35.)  Plaintiff attached a copy of an admission record of Raleigh General Hospital dated March 22, 1994, indicating that he had a stress test and was "retired from PMC."  In addition, plaintiff attached a copy of a document indicating his employment with Oak Hill Hospital, Inc., from 1978 through 1981 and his employment with Plateau Medical Center, Ltd., in 1981 and 1982.  On August 2, 2005, Oak Hill filed a reply to plaintiff's response.  (Doc. No. 36.)

On November 23, 2005, attorney John A. Proctor noted his appearance in behalf of plaintiff.  (Doc. No. 37.)  On December 7, 2005, Mr. Proctor filed a motion for new scheduling order.  (Doc. No. 38.)  By Order filed on December 14, 2005, the motion was denied but a new scheduling order was entered allowing plaintiff until January 4, 2006 to file a further response to defendants' motions to dismiss.  (Doc. No. 40.)  On January 5, 2006, Mr. Proctor filed a motion to withdraw as counsel stating that "[t]he Plaintiff has retained new counsel."  (Doc. No. 41.)  On January 6, 2006, plaintiff filed a motion for additional time to find a lawyer.  (Doc. No. 42.)  Oak Hill responded to Mr.

Proctor's motion to withdraw and to plaintiff's motion for additional time to find a lawyer (Doc. Nos. 43 & 44) indicating no objection as long as there would be no delay in considering the defendants' motion to dismiss. After its hearing, the court entered an order permitting plaintiff an additional 30 days to find another lawyer or file a *pro se* response (Doc. No. 54.) That time elapsed on March 17, 2006 without further response from plaintiff. Accordingly, defendants' motions to dismiss are ripe for decision.

## II. Standard of Review

Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the complaint in a light most favorable to the plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (holding that *pro se* plaintiffs should be afforded reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (stating that *pro se* plaintiffs should be given an opportunity to particularize potentially viable claims).[2]

---

[2] The court notes that dismissal is also appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) in suits in which a person is proceeding *in forma pauperis* as plaintiff is in this case "at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim for which relief can be granted."

### III. Analysis

To state a claim for pension benefits under the Employee Retirement Income Security Program ("ERISA"), a plaintiff must allege facts which indicate that he is or was a "participant" in an employee retirement plan. "Participant" includes employees or former employees "who have a colorable claim to vested benefits." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 117-18 (1989). Federal law provides that "[a] civil action may be brought – (1) by a participant or beneficiary – . . . (B) to recover benefits due to him under the terms of his plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

An ERISA claimant may bring a suit to recover benefits against the employee retirement plan as an entity. See 29 U.S.C. § 1132(d)(1) ("An employee benefit plan may sue or be sued under this subchapter as an entity.") When there is no designation of persons or entities responsible for administration of the plan, the plan's sponsor is considered the administrator, and the plan sponsor may be the participant's employer. See 29 U.S.C. § 1002(16)(B). Thus, an employee's employer is a proper party in an ERISA suit only if it is the sponsor of the employee retirement plan under which the employee claims benefits and no person or entity is otherwise designated as responsible for the

plan's administration.[3]

In this case, plaintiff has sued defendants about twenty-two years after he left his employment at Oak Hill Hospital and Plateau Medical Center. Assuming that plaintiff did indeed work for these entities and disregarding the defendants' assertions of facts intended to disprove plaintiff's claims, the court finds that plaintiff has stated no basis in his letter by which he initiated this case (Doc. No. 1.) or his declaration (Doc. No. 35.). No basis appears otherwise from documents which plaintiff has submitted to support his contention that defendants qualify as plan administrators or sponsors and are therefore properly named as defendants in these proceedings. In particular, plaintiff has not alleged any basis whatsoever for naming the individual defendants, Ms. Evans Carte and Mr. McCulloch, as defendants.

Plaintiff was notified of his right to respond to defendants' motions to dismiss and has been afforded repeated extensions of time to allow him to do so. However, plaintiff has not supplemented the responses he filed with the court. Because

---

[3] An employer may also be a proper party in an ERISA suit for benefits, if it appears that the employer controlled or influenced the administration of the employee's plan. See Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F. Supp. 2d 590, 597 (M.D.N.C. 2004); Marcum v. Zimmer, 887 F. Supp. 891, 894 (S.D. W. Va. 1995) (Haden, C.J.) ("An employer may not be named a defendant in an ERISA action unless the plaintiff shows the employer controlled or influenced the administration of the plan.")

defendants are not parties properly named as defendants to this action, dismissal of the Complaint is appropriate.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and plaintiff, *pro se*.

It is SO ORDERED this 23rd day of March, 2006.

                            ENTER:

                            David A. Faber
                            Chief Judge