IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**BEDFORD E. NICHOLES,**

    **Plaintiff,**

**v.**                                                     **CIVIL ACTION NO. 5:04-1220**

**JOHN MCCULLOCH, JR., et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before this court is plaintiff's Motion for Reconsideration. (Doc. No. 58.) Having reviewed the motion and the applicable law and for reasons stated below, this court treats plaintiff's motion as a Motion for Relief of Judgment under Rule 60(b)(2) of the Federal Rules of Civil Procedure and **DENIES** plaintiff's Motion for Reconsideration.

### I. Factual and Procedural Background

On November 12, 2004, plaintiff, acting *pro se*, brought suit against defendants. (Doc. No. 1.) Plaintiff alleged that defendants owed him pension benefits for the almost eighteen years in which he was an employee at Oak Hill Hospital and later Plateau Medical Center. (Id.) On March 23, 2006, this court granted defendants' motion to dismiss, stating that defendants were not proper parties in the underlying cause of action. (Doc. No. 55 at 10.) Under the Employee Retirement Income Security Program ("ERISA"), claimants may bring a suit to recover benefits

against the employee retirement plan as an entity. See 29 U.S.C. § 1132(d)(1). If no persons or entities are designated as plan administrators, the plan's sponsor, which may be the claimant's employer, is considered the plan administrator, and the claimant may bring suit against the plan sponsor. See 29 U.S.C. § 1002(16)(B). This court found that plaintiff submitted no support for his contention that defendants qualified as plan administrators or sponsors. (Doc. No. 55 at 10.) Thus, this court dismissed the plaintiff's case, holding that defendants were not parties properly named as defendants. (Id.)

On August 9, 2006, plaintiff, acting *pro se*, filed a letter-form motion asking this court to reconsider its judgment.[1] (Doc. No. 58.) In his motion, plaintiff states that he now knows that the plan administrator is Tammy Miller, an employee at Plateau Medical Center in Oak Hill, WV. (Id.) In light of this evidence, plaintiff has asked this court to reconsider its judgment order (Doc. No. 54).

## II. Standard of Review

When a party submits a motion after a district court has entered a final judgment, and the motion does not refer to a specific Federal Rule of Civil Procedure, "courts have considered

---

[1] Because plaintiff was acting *pro se* when he filed this motion, it is held to a less stringent standard than if it were prepared by a lawyer, and therefore it is construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." CNF Constructors, Inc. v. Donohoe Const. Co., 57 F.3d 395, 400 (4th Cir. 1995) (internal quotations omitted). Plaintiff's motion for reconsideration does not fall within the scope of Rule 59(e) because he filed the motion nearly five months after this district court's final order, and Rule 59(e) mandates that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of judgment." Fed. R. Civ. P. 59(e). Thus, in order for jurisdiction to be proper, this court must consider plaintiff's motion under Rule 60(b).

In order for a court to relieve a party from a final judgment under Rule 60(b) because of newly discovered evidence, the party must demonstrate

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Boryan v. United States, 884 F.2d 767, 771 (4th Cir. 1989). "Thus, in order to support a motion for reconsideration, 'the movant is *obliged* to show not only that this evidence was newly discovered or unknown to it until after [final judgment], but also that it could not with reasonable diligence have discovered and produced such evidence [before

3

final judgment].'" Boryan, 884 F.2d at 771 (quoting Frederick S. Wyle P.C. v. Texaco, Inc., 764 F.2d 604, 609 (9th Cir. 1985).

### III. Analysis

Plaintiff's motion indicates he now knows that Tammy Miller is the plan administrator. However, plaintiff does not demonstrate that this evidence is newly discovered, nor does plaintiff claim that this evidence could not have been discovered by him prior to this court's judgment order. In fact, before entering its judgment order, this court notified plaintiff of his right to respond to defendants' motions to dismiss, and it gave plaintiff repeated extensions of time to allow him to do so. (See Doc. No. 55 at 9.) Plaintiff never responded, prompting this court to enter its judgment order. (Id.) Thus, plaintiff cannot show the necessary due diligence required to grant a Rule 60(b) motion.

Further, plaintiff's newly discovered evidence is not material and would not alter the court's final order. (See Boryan, 884 F.2d at 771 (holding that the newly discovered evidence must be material and be such that it would likely alter the outcome of the prior judgment). Plaintiff claims in his motion for reconsideration that Tammy Miller is the plan administrator. (Doc. No. 58.) However, plaintiff did

not name Ms. Miller as a defendant in his lawsuit. (See Doc. No. 1.) Even assuming Ms. Miller is a proper party against whom the defendant could bring an ERISA cause of action, this does not affect the court's determination that the *actual* named defendants are not properly named defendants. Therefore, plaintiff's motion does not allege any newly discovered material evidence.

## IV. Conclusion

Therefore, for reasons stated herein, plaintiff's Motion for Reconsideration is **DENIED.** The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record and to the plaintiff, *pro se*.

It is SO ORDERED this 27th day of September, 2006.

ENTER:

David A. Faber
Chief Judge